**Affirmed as Modified; Opinion Filed November 27, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00391-CR

### LAWRENCE RAY WILLIAMS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-55733-U**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Moseley

Lawrence Ray Williams waived a jury and pleaded guilty to aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03(a) (West 2011). The trial court assessed punishment at fifteen years' imprisonment and a $2,000 fine. The trial court's judgment also includes an order that appellant pay $244 in court costs. In two issues, appellant contends there is insufficient evidence in the record to support the trial court's order for him to pay court costs and the judgment should be modified to reflect his actual plea. We modify the trial court's judgment and affirm as modified.

COURT COSTS

Appellant contends the evidence is insufficient to support the trial court's order that he pay $244 in court costs because the clerk's record does not contain a bill of costs. The State responds that appellant's complaint is moot because the record contains a bill of costs.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id.* art. 103.001.

The clerk's record in this case initially did not contain the bill of costs. We, however, ordered the Dallas County District Clerk to file supplemental records containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's records did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. filed); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule her first issue.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bill of costs in the supplemental record is not "proper bill[s] of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment. We reject both arguments.

Appellant first contends that the bill of costs in the record is not "proper bill[s] of costs" because it is "unsigned, unsworn computer printout[s]." Appellant acknowledges the district clerk has certified that the documents constitute costs that have accrued to date," but says this does not "set out the costs as required by statute." The code of criminal procedure requires only that a bill of costs be certified and signed "by the officer who charged the cost or the officer who is entitled to receive payment for the cost," "stating the costs that have accrued" if the cause is appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006. Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in the respective case, and the documents are certified and signed by the district clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude appellant's objection that the bill of costs is not "proper" lacks merit. *See Coronel*, 2013 WL 3874446, at *4.

Appellant further argues there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before costs were entered in the judgments. However, there is no requirement that a bill of costs be presented to the trial court at any time before judgment. *See id.* at *5. We overrule appellant's objection to the supplemental record.

MODIFY JUDGMENT

In his second issue, appellant asks that we modify the judgment to reflect he entered a guilty plea. The State agrees the judgment should be modified as appellant requests.

The record shows appellant pleaded guilty to committing the aggravated robbery with a deadly weapon. The judgment, however, incorrectly states appellant pleaded nolo contendere. We sustain appellant's second issue. We also note the judgment also incorrectly identifies the statute of the offense as "29.02 penal code." We modify the judgment to show the plea to the

-3-

offense was guilty and that the statute of the offense is "29.03 penal code." *See* TEX. R. APP. P.

43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

As modified, we affirm the trial court's judgment.

.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130391F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAWRENCE RAY WILLIAMS,
Appellant

No. 05-13-00391-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-55733-U).

Opinion delivered by Justice Moseley,
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "29.03 Penal Code."

The section entitled "Plea to Offense" is modified to show "Guilty."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 27, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE